PER CURIAM.
On March 31, 1978, Willie Edd Turner was released from prison pursuant to a certificate of mandatory conditional release executed by the Florida Parole and Probation Commission. He was subsequently arrested for shoplifting on October 19, 1978, and burglary on January 23, 1979. A preliminary hearing was held on February 21, 1979, upon a retake warrant issued by the Commission. The purpose of the preliminary hearing was to determine if probable cause existed to show that the arrested violator had committed acts which constituted a violation of the conditions of parole. Turner was not represented by counsel at that hearing, and the hearing examiner found probable cause. On March 12, 1979, the Commission ordered Turner be committed to jail, pending a revocation hearing. On May 23, 1979, the Commission denied Turner’s application for bond.
Counsel subsequently appeared for Turner and filed an application for habeas corpus on June 11, 1979; and on July 25, 1979, the trial court granted the application on a ground not raised in the application, namely, that Turner did not have counsel at the preliminary hearing. The order provided the Commission could hold new proceedings if counsel were present representing Turner. The Commission filed a notice of appeal on August 13, 1979.
Thereafter, the following occurred:
1. Turner’s appointed counsel waived a preliminary hearing for Turner.
2. A bond hearing was conducted on September 12, 1979, with Turner and his counsel present.
3. On October 3, 1979, in deference to the trial court’s order of July 25, 1979, the Commission ordered Turner released on his own recognizance.
*298 4. On October 3, 1979, the Commission ordered Turner to report to Lake Butler for a revocation hearing to be held on February 7, 1980.
5. On December 20, 1979, Turner was in custody pursuant to his conviction on December 7,1979, of burglary and his sentence of two years, less time served. The Commission served Turner on the later date with a notice of hearing for January 4, 1980, to be held at Lake Butler upon the question whether Turner had violated his parole because of the conviction as well as his failure to make a full report to his parole supervisor in December, 1978.
6. On January 4, 1980, Turner executed a voluntary waiver of revocation hearing.
7. On January 16, 1980, the Commission revoked Turner’s mandatory conditional release.
The appeal having become moot, it is sua spon te dismissed.
ANSTEAD, MOORE and GLICKSTEIN, JJ., concur.